EMILIO M. GARZA, Circuit Judge,
dissenting:
I dissent from the majority’s holding that Batton is eligible for attorneys’ fees under the OGA. While I agree with majority that the OGA applies and we should vacate the district court’s order, I would remand to allow the district court to assess Batton’s eligibility for attorneys’ fees under the OGA in the first instance.
Because the district court determined the OGA did not apply, the court did not consider whether Batton might be eligible for attorneys’ fees under the OGA. Batton v. Evers, No. 4-07-2852, at *1 (S.D.Tex. May 14, 2012) (order denying attorneys’ fees). A party has “substantially prevailed” and is thus eligible for an award of attorneys’ fees where the party obtained a court order in his favor. Lovell v. Alderete, 630 F.2d 428, 432 (5th Cir.1980). Under the OGA a party has also “substantially prevailed” if the party obtained relief through a voluntary or unilateral change in position by the agency. 5 U.S.C. § 552(a)(4)(E)(ii). Because the only court-ordered relief Batton obtained in this *528 case — an order requiring the IRS to produce a Vaughn index — is insufficient, without more, to make Batton a “prevailing party,” Campaign for Responsible Transplantation v. FDA, 511 F.3d 187, 195-96 (D.C.Cir.2007), the district court held Bat-ton did not “substantially prevail” through obtaining a court order in his favor. Batton v. Evers, No. 4-07-2852, at *1 (S.D.Tex. May 14, 2012). Concluding the OGA did not apply, the district court did not consider whether Batton obtained relief through a voluntary or unilateral change in position by the IRS. Although the district court did not make findings of fact on the issue, the majority holds Bat-ton is eligible for attorneys’ fees under the OGA. Ante, at 526. The majority finds the IRS delayed in releasing the documents and Batton did not receive any documents until after the IRS was served with suit, and holds Batton thus substantially prevailed. Id. Because the district court has not yet had an opportunity to make findings of fact and conclusions of law regarding whether Batton obtained relief through a voluntary or unilateral change by the IRS, I would remand this case to allow the district court to determine in the first instance whether Batton is eligible for attorneys’ fees under the OGA. See Union of Concerned Scientists v. U.S. Nuclear Regulatory Comm’n, 824 F.2d 1219, 1220 (D.C.Cir.1987) (“[F]ull findings of fact must be made to support a court’s belief that a party has substantially prevailed in a lawsuit before a grant of attorney’s fees can be awarded.”); Weisberg v. U.S. Dep’t of Justice, 745 F.2d 1476, 1496 (D.C.Cir. 1984) (“The question whether an FOIA litigant has substantially prevailed is, of course, a question of fact entrusted to the District Court... ,”).[1] On this record the majority cannot determine eligibility as a matter of law, and it is not the province of the appellate courts to make factual findings. See Pullman-Standard v. Swint, 456 U.S. 273, 291-92, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982) (holding where district court failed to make finding because of erroneous view of law “court of appeals is not relieved of the usual requirement of remanding for further proceedings to tribunal charged with the task of factfinding in the first instance”).
Respectfully, I dissent.

. Contrary to assertions by the majority, Ante, at 526, Cazólas v. DOJ, 660 F.2d 612, 623 (5th Cir.1981) supports this dissent. I agree that in Cazatas the district court applied the incorrect legal standard to the “substantially prevailed” inquiry. However, unlike here, the district court made findings of fact sufficient for the appellate court to conclude the plaintiff "substantially prevailed.” 660 F.2d at 619-20. Here, the district court made no findings of fact upon which the majority may base its holding that Batton "substantially prevailed.”